## Cobb *v*. El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas.

No. 19.—Resuelto en diciembre 21, 1907.

Derecho de Retracto—Su Duración.—Reservado á favor del vendedor, en una escritura de compra-venta otorgada antes de empezar á regir el Código Civil español, el derecho de retracto para que pudiera ejercitarlo en *cualquier tiempo,* el término para el ejercicio de ese derecho ha de entenderse reducido á diez años, á tenor de lo preceptuado en el artículo 1508 de dicho Código, en relación con la disposición transitoria cuarta del mismo Código.

Id.—Caducidad del Derecho—Nota de Consumación de la Venta.—En armonía con la doctrina á que se refiere el párrafo precedente, transcurridos diez años desde la vigencia del Código Civil, ha de entenderse caducado el derecho de retracto establecido con anterioridad á su promulgación, en caso de que dentro de ese término no se hubiera ejercitado, y procede que el Registrador, á petición del interesado, ponga la nota marginal de consumación de la venta, de acuerdo con el artículo 16 de la Ley Hipotecaria.

Id.—El ejercicio de la facultad del registrador, al poner la nota de consumación en este caso, no envuelve la anulación de una inscripción constante en el Registro, sino la declaración de la caducidad de un derecho por falta de su ejercicio, para lo cual está el Registrador capacitado, con arreglo al artículo 82 de la Ley Hipotecaria, pues el derecho inscrito ha de estimarse extinguido en este caso por disposición del artículo 1508 del Código Civil.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Díaz Navarro.*

El Juez Presidente Sr. Quiñones, emitió la opinión del tribunal.

*Visto* el presente recurso gubernativo interpuesto por el abogado D. Herminio Díaz Navarro contra negativa del Registrador de la Propiedad de Caguas á poner una nota de caducidad de un pacto de retro.

*Resultando:* Que por escritura pública otorgada en el barrio de Gurabo abajo, jurisdicción de Juncos, ante el Notario Don José Celestino Schroder, en 22 de mayo de 1874, Da. Francisca López vendió á Don Jaime Sala, como socio agrícola de "Sala, Dávila y Ca.," dos fincas·rústicas de su propiedad, constantes la una de 40 cuerdas de extensión superficial, radicada en el barrio de Hato-Nuevo, del término municipal de Gurabo, y la otra de 13 y media cuerdas, radicada en el barrio de "Los Lirios," del término municipal de Juncos, en precio y cantidad de 3,406 pesos 98 centavos de la moneda corriente en la fecha de la escritura, por igual suma que era en deber á la sociedad compradora "Sala, Dávila y Ca.," por saldo de cuentas, con la condición de que habrían de serles restituídas las mencionadas 53 y media cuerdas de terreno vendidas, en cualquier época en que pudiera la otorgante Da. Francisca López devolver á sús compradores íntegramente los 3,406 pesos 98 centavos que habían satisfecho como valor en cuenta; cuya escritura obra inscrita en el Registro de la Propiedad de Caguas, al folio 5°. de Gurabo, finca No. 259, inscripción 1ª., según lo acredita la certificación puesta al dorso de dicha escritura por el mismo registrador de la propiedad de aquel partido.

*Resultando:* Que posteriormente, ó sea en 6 de julio de 1907, el abogado D. Herminio Díaz Navarro, á nombre de Mr. J. B. Cobb, como condueño que dice ser de la finca de 40 cuerdas á que se refiere la escritura de que se ha hecho mérito en el resultando anterior, por haberla adquirido por compra, según escritura otorgada á su favor en 28 de julio de 1906, inscrita también en el mismo registro de la propiedad, presentó escrito al Registrador de la Propiedad de Caguas en solicitud de que, habiendo transcurrido los 10 años que fijaba el artículo 1508 del antiguo Código Civil, como máximun del término de duración del retracto convencional, en el caso de haberse fijado plazo por las partes, y que no habiendo hecho uso de ese derecho la vendedora Dá. Francisca López ni ninguno de sus sucesores, se pusiera la nota marginal correspondiente de haber caducado el derecho de retraer y de quedar consumada la venta en favor del solicitante, lo que denegó el registrador por los fundamentos que expresa la nota que puso á continuación de dicho escrito y que, copiada literalmente, dice así:

"No admitida la nota de consumación de la venta de cuarenta cuerdas de terreno comprendida en el anterior documento, que se solicita por Don Herminio Díaz como abogado de Mr. J. B. Cobb, en escrito acompañado, y extendida nota preventiva por término de ciento veinte días al folio 132 del tomo 5º. de Gurabo, finca 259, al margen de la inscripción primera, por los motivos siguientes que constituyen un defecto insubsanable: porque la venta que hizo Doña Francisca López á favor de la sociedad Sala, Dávila y Ca., por haber sido otorgada en 22 de mayo de 1874 con pacto de retroventa indefinido, es lícito, según sentencia del Tribunal Supremo de España de 3 de diciembre de 1864, en la que se estableció la doctrina de que en el pacto de retroventa, como en todos los contratos, era lícito á los contratantes poner las condiciones posibles y honestas que creyeran oportunas, y entre ellas la de establecer el término que les conviniere, cuyo término, la ley 42, título 5º., partida 5ª., dejaba á la libre voluntad de los mismos contratantes; y aunque una sentencia del Tribunal Supremo de España posterior á dicho contrato, de fecha 12 de mayo de 1875, advirtió solemnemente que los pactos perpetuos de retroventa eran siempre nulos, y artículo 1508 del Código Civil Español, después, con una

claridad insuperable estableció acerca del retracto convencional el plazo legal de cuatro años para recuperar la cosa vendida á falta de pacto expreso, y en caso de estipulación, declaró que el aludido plazo no podía exceder de diez años; es el caso, que lo mismo para considerar el pacto de retro, objeto del citado documento opuesto á las leyes que regulan la prescripción, como para declarar la nulidad del mismo plazo en lo que exceda de los diez años; es ésta una facultad que única y exclusivamente corresponde á los Tribunales de Justicia, según resolución del Centro Directivo de 20 de febrero de 1875; puesto que cualquiera que sea la opinión del Registrador sobre los efectos de esa condición resolutoria, debe reputarse válida y subsistente para su inscripción en el Registro, mientras no se decida judicialmente acerca de su nulidad, sin que ésta pueda obtenerse gubernativamente, porque si bien los Registradores tienen facultades para calificar la nulidad ó validez de los actos ó contratos sujetos á registros, y por consiguiente, las condiciones puestas en los mismos que produzcan su nulidad, no así de aquellas condiciones que, como las de que se trata, no vician ni anulan en sí el contrato que se inscribió. Además, las obligaciones ó las condiciones una vez inscritas en el Registro, aunque sean nulas, quedan bajo el amparo de los Tribunales, sin que puedan anularlas ni modificarlas los Registradores de la Propiedad. En cuanto á las resoluciones que se citan en el escrito que se acompaña, de 18 de mayo de 1865, y la Real Orden de 27 de septiembre de 1867, no son aplicables porque se refieren sólo al caso en que expresamente se estipule un plazo de retro y éste haya transcurrido.—Caguas, octubre 17, 1907.''

*Resultando:* Que contra esta nota ha interpuesto en tiempo el abogado D. Herminio Díaz Navarro, á nombre de Mr. J. B. Cobb, el presente recurso gubernativo para que se revoque y se ordene al Registrador de la Propiedad de Caguas extienda la oportuna nota marginal de haber quedado consumada la venta de la estancia de referencia á favor del recurrente Mr. J. B. Cobb.

*Considerando:* Que, con arreglo al artículo 16 de la Ley Hipotecaria de esta Isla, el cumplimiento ó incumplimiento de las condiciones suspensivas y el no cumplimiento de las resolutorias, ó rescisorias de los actos ó contratos inscritos, se hará constar en el registro por medio de una nota marginal.

*Considerando:* Que si bien por la escritura de 22 de mayo de 1874, entre Da. Francisca López y D. Jaime Salas como socio de Salas, Dávila y Ca., de que se ha hecho mérito en el primer resultando, se estipuló que en cualquier tiempo en que la vendedora restituyera á los compradores los 3,406 pesos 98 centavos que había recibido de éstos por las 53 y media cuerdas de terreno que les había vendido, habrían de serles éstas restituídas por los dichos compradores, el término dentro del cual podía Da. Francisca López, ó cualquiera de sus sucesores, ejercitar su derecho para retraer las fincas vendidas, debe entenderse que quedó reducido á diez años, á tenor de lo establecido por el artículo 1508 del Código Civil de España, hecho extensivo á esta Isla por Real Decreto de 31 de julio de 1889, según el cual, el derecho de retracto convencional durará, á falta de plazo expreso, cuatro años, contados desde la fecha del contrato; y que en caso de estipulación, el plazo no podrá exceder de diez años, en relación con la disposición transitoria 4ª. del mismo Código, preceptiva de que "las acciones y los derechos nacidos y no ejercitados antes de regir el Código, subsistirán con la extensión y en los términos que les reconociera la legislación precedente; pero sujetándose en cuanto á su ejercicio, duración y procedimientos para hacerlos valer, á lo dispuesto en este Código."

*Considerando:* Por tanto, que habiendo transcurrido mucho más de 10 años desde el 1º. de enero de 1890, en que comenzó á regir el Código Civil en esta isla, sin que ni por Da. Francisca López ni por ninguno de sus sucesores, se haya ejercitado el derecho de retraer la finca de que se trata, debe entenderse caducado dicho derecho, y proceder el registrador, á solicitud del actual dueño de la finca, según el registro, á poner la nota marginal de consumación de la venta, á tenor de lo dispuesto por el artículo 16 de la Ley Hipotecaria y demás disposiciones concordantes del Reglamento de la misma.

*Considerando:* Por tanto, que en el presente caso no se trata de anular una inscripción constante en el registro de la

propiedad, sino de declarar la caducidad de un derecho inscrito en el registro, por no haberlo ejercitado las partes interesadas dentro del término señalado por la ley para su duración, y para cuyo efecto, el registrador de la propiedad tiene perfecta competencia, con arreglo al artículo 82 de la Ley Hipotecaria, según el cual pueden los registradores cancelar cualquiera inscripción ó anotación preventiva hechas por escritura pública, sin necesidad de que lo ordene ningún tribunal, ni de la conformidad de las partes interesadas, entre otros casos, ''cuando quede extinguido el derecho inscrito por declaración de la ley,'' como sucede en el presente caso, en el que por declaración del artículo 1508 del Código Civil antiguo, el término para la retroventa, no podía exceder de 10 años, cuando las partes habían estipulado un plazo para su duración.

*Vistas* las disposiciones legales citadas.

*Se revoca* la nota denegatoria del Registrador de la Propiedad de Caguas, y se declara que procede extender la nota marginal solicitada por el recurrente Mr. J. B. Cobb, sobre consumación de la venta de la finca rústica de que se trata en el presente recurso; y devuélvanse los documentos presentados al citado registrador de la propiedad con copia certificada de la presente resolución, para que proceda á su cumplimiento en la forma que corresponda, con arreglo á derecho.

*Revocada.*

Jueces concurrentes: Sres. Hernández, Figueras, Mac-Leary y Wolf.